USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

UNITED STATES OF AMERICA         :     CONSENT PRELIMINARY ORDER
                                    OF FORFEITURE/
      - v. -                 :     MONEY JUDGMENT

ERIK SUAREZ,               :     S1 25 Cr. 194 (NSR)

          Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about July 22, 2025, ERIK SUAREZ (the "Defendant"), was charged in a three-count Superseding Indictment, S1 25 Cr. 194 (NSR) (the "Indictment"), with (i) conspiring the commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); (ii) Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two); and (iii) brandishing a firearm during and in relation to a Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) of any and all property, real and personal, involved in the offense charged in Counts One and Two of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offenses charged in Counts One and Two of the Indictment;

WHEREAS, on or about December 4, 2025, the Defendant pled guilty to Count Two and a lesser-included offense of Count Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), a sum of money equal to the proceeds of the offense charged in Count Two of the Indictment, or any property traceable to such property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,667 in United States currency, representing the amount of property involved in the offense charged in Count Two of the Indictment; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count Two of the Indictment cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney David A. Markewitz, of counsel, and the Defendant and his counsel, Matthew Galluzzo, Esq., that:

1.      As a result of the offenses charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the total amount of $1,667 in United States currency (the "Money Judgment"), representing the amount of property involved in the offense charged in Count Two of the Indictment, shall be entered against the Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant ERIK SUAREZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.     The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.    The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:  ___/s David Markewitz_____        5/20/2026
     DAVID A. MARKEWITZ                       DATE
     Assistant United States Attorneys
     26 Federal Plaza
     New York, NY 10278
     (212) 637-2260

ERIK SUAREZ

By:  _____              5-21-2026
     ERIK SUAREZ                             DATE

By:  _____              5-20-2026
     MATTHEW GALLUZZO, ESQ.                  DATE
     Attorney for Defendant

SO ORDERED:

_____                 5|21|2026
HONORABLE NELSON S. ROMAN                    DATE
UNITED STATES DISTRICT JUDGE